Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

**Dated: March 29th, 2019**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

| IN RE: | CASE NO. 2:18-bk-20618 |
|---|---|
| DEWILLA JEAN WOODS, | CHAPTER 13 |
| Debtor. | JUDGE FRANK W. VOLK |

**MEMORANDUM OPINION AND ORDER
DISMISSING CASE AND BARRING DEBTOR
FROM REFILING FOR A PERIOD OF 180 DAYS**

Pending is the Chapter 13 Trustee's Motion to Dismiss Case for Failure to Obtain Pre-Petition Credit Counseling [Dckt. 14] and the Chapter 13 Trustee's Motion to Dismiss Case for Failure to Attend Two Scheduled Meetings of Creditors [Dckt. 18]. The Court heard arguments on February 6, 2019. These matters are ready for adjudication.

**I.**

Ms. Woods has filed four prior bankruptcy petitions in this Court. The prior cases are as follows:

| Case No. | Date Filed | Date Dismissed |
|---|---|---|
| 2:13-bk-20157 (Ch. 13) | March 25, 2013 | April 24, 2013 |
| 2:13-bk-20499 (Ch. 13) | September 26, 2013 | November 14, 2013 |
| 2:15-bk-20262 (Ch. 13) | May 12, 2015 | July 6, 2015 |
| 2:15-bk-20461 (Ch. 7) | September 3, 2015 | March 21, 2016 |

In her first case, Ms. Woods failed to file the required financial documents and failed to obtain pre-petition credit counseling. The case was dismissed on motion by the Chapter 13 Trustee for failure to obtain pre-petition credit counseling.

All subsequent cases were filed by Ms. Woods' daughter, Vicki Lynn Woods-Dennison, acting in her capacity as power of attorney for her mother, the debtor, Ms. Woods.

The second and third cases were dismissed by the Court due to the failure to file a Chapter 13 plan.

The fourth case was classified as a no-asset case by the Chapter 7 Trustee but was closed without discharge due to Ms. Woods' failure to file a certification of completion of an instructional course concerning personal financial management.

Ms. Woods has also failed to pay the filing fee in four of her five cases, for a total outstanding fee obligation of $1,182.00. The Court waived filing fees in her fourth filing (case no. 2:15-bk-20461).

This present case was filed on December 14, 2018, by Ms. Vicki Lynn Woods-Dennison acting in her capacity as power of attorney for her mother, Ms. Woods.[1] She (1) failed to attend two scheduled § 341 meetings of creditors, (2) did not file required documents (including credit counseling certificates, schedules, tax returns, and the statement of financial affairs), and (3) failed to pay filing fees.

The Chapter 13 Trustee filed two separate motions to dismiss this case. The first is based on Ms. Woods' failure to obtain the required pre-petition credit counseling. She made a request for a 30-day temporary waiver based on exigent circumstances [Dckt. 3]. Proof of completed counseling was due January 14, 2019. As of the February 6, 2019, hearing, she had not filed proof of the completed counseling.

---

[1] The Court notes no power of attorney was filed in this case. The power of attorney must be filed to allow the Court to determine the scope of power allowed under the document. Ms. Woods-Dennison must file a valid power of attorney when filing any subsequent bankruptcy petitions on behalf of her mother.

2

The second motion to dismiss is based on her failure to attend two scheduled meetings of creditors held on January 9, 2019, and January 23, 2019. Ms. Woods failed to appear at the February 6, 2019, hearing to provide an explanation for these failures.

## II.

**A.   Governing Standard**

Title 11 U.S.C. § 109 governs who may be a debtor. Section 109(g)(1) provides as follows:

> (g) Notwithstanding any other provision of this section, no individual . . . may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if--
>
> (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case . . . .

11 U.S.C. § 109(g)(1).

This 180-day filing ban is "an extraordinary remedy for perceived abuses of the [Bankruptcy] Code." *Houck v. Substitute Trustee Servs.*, 791 F.3d 473 (4th Cir. 2015) (quoting *Frieouf v. United States (In re Frieouf)*, 938 F.2d 1099, 1104 (10th Cir. 1991) (internal quotation marks omitted)). "Willful," although not defined in the Bankruptcy Code, has been interpreted as meaning "deliberate or intentional." *Denisar v. Payne*, No. 5:12cv00090, 2013 U.S. Dist. LEXIS 10047, at *9 (W.D. Va. Jan. 25, 2013) (quoting *Walker v. Stanley*, 231 B.R. 343, 347-47 (N.D. Cal. 1999) (citing *In re Herrera*, 194 B.R. 178, 188 (Bankr. N.D. Ill. 1996))). Failing to make a Chapter 13 Plan payment or missing a single hearing or 341 meeting of creditors does not rise to the level of "willful." *Id.* However, courts have interpreted repeated conduct as deliberate conduct. *Id.* And, importantly, "the court will infer from a pattern of dismissals and re-filing in unchanged circumstances willful failure to abide by orders of the court and an abuse of the bankruptcy process which this amendment was designed to prevent." *Id.* at *10 (quoting *Walker*,

231 B.R. at 348 (quoting *Hererra*, 194 B.R. at 189 (quoting *In re Nelkovski*, 46 B.R. 542, 545 (Bankr. N.D. Ill. 1985))).

       For example, in *Colonial Auto Ctr. v. Tomlin (In re Tomlin)*, 105 F.3d 933 (4th Cir. 1997), the debtor failed to attend the initial creditors meeting and did not file schedules. Our court of appeals described these actions as constituting "an abuse of the protection afforded her by the bankruptcy system." *Tomlin*, 105 F.3d at 941. Furthermore, "[h]er purpose seemed clear; by continuously filing petitions, the automatic stay prevented foreclosure action on her home." *Id.* Importantly, the court of appeals noted that the *Tomlin* debtor's behavior was "the very behavior for which Congress formulated § 109(g)." *Id.*

**B.**    **Analysis**

                                **1. Bar to Refiling**

       In the present case, Ms. Woods has demonstrated behavior satisfying the requirements of section 109(g)(1). There is exhibited in the relevant filings a flagrant disregard for the bankruptcy process. Essentially, Ms. Woods filed her cases and then took no action to abide by the Code. This pattern evidences deliberateness and willfulness. This Court will infer from her actions an abuse of the bankruptcy process. Her behavior, as in *Tomlin*, is the very behavior for which Congress formulated section 109(g)(1).

       It is **ORDERED** that Ms. Dewilla Jean Woods be, and is hereby, barred from filing another bankruptcy case under this title for 180 days from the entry of this written opinion and order.

                         **2. Chapter 13 Trustee's Motions to Dismiss**

       Under 11 U.S.C. § 109(h)(1), a debtor is required to receive credit counseling prior to filing the bankruptcy petition. Here, Ms. Woods made a request for a 30-day temporary waiver

based on exigent circumstances allowed under 11 U.S.C. § 109(h)(3). Proof of completed counseling was due January 14, 2019. As of the February 6, 2019, hearing, she had still not completed the counseling.

Further, a debtors attendance at the § 341 meeting of creditors is required under 11 U.S.C. § 343(a). In this case, Ms. Woods failed to attend two separate meetings of the creditors which occurred on January 9, 2018, and January 23, 2019.

Because Ms. Woods has failed to complete the required pre-petition counseling and failed to attend two scheduled meetings of creditors,

**IT IS ORDERED** that the both the Trustee's Motions to Dismiss be, and hereby are, **GRANTED**.

Further, Ms. Woods owes unpaid filing fees in the amount of $1,182.00. In the event the Debtor files a new bankruptcy case following expiration of the bar period and has not at that time paid the $1,182.00 due and owing, the trustee may move promptly for dismissal. *See*, *e.g.*, *In re Domenico*, 364 B.R. 418, 423 (Bankr. D.N.M. 2007) ("The Court therefore concludes that the phrase 'any fees or charges required under chapter 123 of title 28' is not limited to those fees or charges arising out of the Debtor's current case, but in this instance also includes the $144 remaining unpaid from his previous chapter 13 case."). In the event the Debtor ignores the bar period and files anew prior to expiration of such period, the trustee may move for dismissal and an order to show cause.